IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CRIMINAL ACTION NO. 4:15-CR-41 |
| | § | |
| FRANCISCO HERNANDEZ-PEREZ | § | |
| | § | |
| Defendant. | § | |

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Now before the Court is the request for revocation of Defendant's supervised release. After the District Judge referred the matter to this Court for a report and recommendation, the Court conducted a hearing on December 21, 2015, to determine whether Defendant violated his supervised release. Defendant was represented by Carlo D'Angelo. The Government was represented by Marisa Miller.

On March 31, 2010, Defendant was sentenced by the Honorable United States District Judge George P. Kazen of the Southern District of Texas to forty-one (41) months imprisonment followed by a three (3) year term of supervised release for the offense of Re-Entry After Deportation.

On April 18, 2012, Defendant completed his period of imprisonment and began service of his term of supervised release. Defendant was removed to Mexico on April 20, 2012.

On February 4, 2015, the U.S. Probation Officer executed a Petition for Warrant or Summons for Offender Under Supervision [Dkt. 2 Sealed]. The Petition asserted that Defendant violated five (5) conditions of supervision, as follows: (1) New Law Violation: Re-Entry of a

Deported Alien; (2) Violation of special condition ordering the offender not to return to the United States illegally and, if he returns, shall report to the nearest U.S. Probation Office immediately; (3) New Law Violation: Conspiracy to Possess with the Intent to Manufacture and Distribute Methamphetamine; (4) Shall not associate with any persons engaged in criminal activity; and (5) New Law Violation: Re-entry of a Deported Alien.

The Petition alleges that Defendant committed the following acts:

On September 30, 2012, the offender was encountered by Border Patrol Agents near Chulchu, Arizona. Under inspection it was determined he was a citizen of Mexico illegally present in the United States. The offender admitted entering the United States by crossing the International Boundry on September 22, 2012 near Lukeville, Arizona. He was neither inspected nor admitted by an Immigration Officer at a designated port of entry. As evidenced by his arrest, the offender returned to the United States illegally. He also failed to report to the nearest U.S. Probation Office immediately upon his return.

According to the Prosecutions Office at the Casa Grande Border Patrol Station in Arizona, prosecution was declined in 2012 as records were not received in time. As such, the offender was processed for reinstatement of the prior order of deportation and was once against removed to Mexico on October 5, 2012, through Nogales, Arizona.

On April 15, 2014, during the course of a joint investigation being conducted by Special Agents of the Federal Bureau of Investigation (FBI) and Department of Homeland Security HISI) into the manufacturing, transportation, importation and distribution of crystal and liquid methamphetamine, cocaine and marijuana from Mexico to and through cities located in the Eastern and Northern Districts of Texas and other cities within the United States by a Mexican criminal organization known as Los Caballeros Templarios, Agents received information about a

vehicle en route to Dallas, Texas from Waco, Texas to deliver two kilograms of crystal methamphetamine. Upon identification of the vehicle, the Dallas County Sheriff's Office initiated a traffic stop on a grey Hyundai Tiburon. The driver, later identified as the offender, stated his name was Jose Perez and gave consent to search the vehicle. An open air sniff was conducted by a drug-detection canine at which time the canine alerted to the backseat rear panel area that contained speakers. A subsequent search revealed approximately two kilograms of a crystal-like substance that field tested positive for methamphetamine at which time the offender was arrested.

On May 14, 2014, the offender was indicted in case number 4:14CR81-4 which is pending in the U.S. District Court in the Eastern District of Texas, Sherman Division. The Eastern District of Texas has agreed to a transfer of jurisdiction in this case in order to handle the revocation hearing at the time of sentencing in the offender's new case. As evidenced by his arrest in violation number 3, the offender illegally returned to the United States once again following his removal on October 5, 2012. He also failed to refrain from association with any persons engaged in criminal activity.

As evidenced by his arrest in violation number 3, the offender illegally returned to the United States once again following his removal on October 5, 2012. He also failed to refrain from association with any persons engaged in criminal activity.

Prior to the Government putting on its case, Defendant entered a plea of true to all allegations contained in the Petition. Having considered the Petition and the plea of true to all allegations, the Court finds that Defendant did violate his conditions of supervised release.

## RECOMMENDATION

Pursuant to the Sentencing Reform Act of 1984, the Court recommends that Defendant's supervised release be revoked and that he be committed to the custody of the Bureau of Prisons to be imprisoned for a term of twenty-one (21) months, such term of imprisonment to run consecutive to that sentence in Cause Number 4:14CR81, with no term of supervised release to follow. The Court also recommends that Defendant be housed in a Bureau of Prisons facility near Memphis, Tennessee, if appropriate.

Within fourteen (14) days after service of the magistrate judge's report, any party must serve and file specific written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.

Failure to file specific, written objections will bar the party from appealing the unobjected-to factual findings and legal conclusions of the magistrate judge that are accepted by the district court, except upon grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

SIGNED this 21st day of December, 2015.

_____
Christine A. Nowak
UNITED STATES MAGISTRATE JUDGE